UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br>GIOVANNI GARDUNO GARCIA,<br>　　　　　　Defendant. | CASE NO. 2:25-cr-00091-TL<br><br>ORDER ON MOTION FOR REVOCATION OF DETENTION ORDER |

This matter is before the Court on Giovanni Garduno Garcia's Motion for Revokation [*sic*] of Detention Order (Dkt. No. 82) appealing the June 2, 2025, order of United States Magistrate Judge Paula L McCandlis (Dkt. No. 68). Having conducted a *de novo* review and considered the Indictment (Dkt. No. 1), the audio recording of the June 2nd revocation hearing (Dkt. No. 67), the Government's response (Dkt. No. 87), and the relevant record,[1] and finding oral argument unnecessary, see CrR 12(b)(12), the Court DENIES Mr. Garduno Garcia's motion.

---

[1] Mr. Garduno Garcia did not file a reply brief.

ORDER ON MOTION FOR REVOCATION OF DETENTION ORDER - 1

## I. BACKGROUND

On May 14, 2025, a grand jury indicted Mr. Garduno Garcia on one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846. Dkt. No. 1. The charge concerns an alleged conspiracy to distribute controlled substances throughout the encampments and high drug areas in the International District of Seattle. Dkt. No. 87 at 2. Mr. Garduno Garcia is alleged to have acted as a redistributor of controlled substances. *Id.* When investigators served a search warrant at his residence, they located nearly 2,000 suspected fentanyl-laced pills, about 150 grams of suspected cocaine, approximately $93,000 in United States currency, and two semi-automatic handguns. *Id.* at 3.

Mr. Garduno Garcia was arrested on May 29, 2025, he appeared for his arraignment on that same day (Dkt. No. 35), and a detention hearing was set for June 2, 2025 (Dkt. No. 67). Pretrial Services initially recommended detention in its May 29, 2025, report (Dkt. No 17) and continued to recommend detention after conducting a further investigation (Dkt. No. 66). The Government filed a motion seeking Mr. Garduno Garcia's detention (Dkt. No. 63), and Magistrate Judge McCandlis conducted a detention hearing (Dkt. No. 67). Judge McCandlis ordered that Mr. Garduno Garcia be detained due to the nature and circumstances of the offense, the fact that the offense charged involves a controlled substance, lack of significant family or other ties to the community, significant family or other ties outside the United States, lack of legal status in the United States, and lack of stable employment. Dkt. No. 68 at 3.

Mr. Garduno Garcia moves for the revocation of the detention order and seeks his release pending trial. Dkt. No. 82. The Government opposes the request. Dkt. No. 87.

//

//

## II. LEGAL STANDARD

### A. Standard of Review

If a person is ordered detained by a magistrate judge, the individual "may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." 18 U.S.C. § 3145(b). A district court reviews the detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990).

### B. Presumption of Detention

Where a court finds probable cause that a defendant has committed certain types of offenses, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et seq.*, there is a presumption of detention. 18 U.S.C. § 3142(e)(3)(A). Although the Ninth Circuit has not ruled on the issue, almost every Circuit has held that an indictment is sufficient to trigger the presumption. *See, e.g.*, *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010), *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (collecting cases); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985); *cf. Kaley v. United States*, 571 U.S. 320, 328 (2014) (holding that a proper indictment "conclusively determines the existence of probable cause" (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975))). Courts in this district have reached the same conclusion. *See, e.g.*, *United States v. Kuyateh*, No. CR24-186, 2025 WL 241112, at *2 (W.D. Wash. Jan. 17, 2025) (citing *United States v. Valenzuela*, No. CR12-062, 2012 WL 1377087, at *2 (W.D. Wash. Apr. 19, 2012)); *United States v. Wilson*, No. CR24-93, 2024 WL 3950434, at *4 (W.D. Wash. Aug. 27, 2024) (citing *Kaley*, 571 U.S. at 329 n.6).

However, the presumption is subject to rebuttal by a defendant. 18 U.S.C. § 3142(e)(3). To rebut the presumption, a defendant need only produce "some evidence" that there are

conditions that would reasonably assure his appearance and community safety. *United States v. Rhule*, No. CR20-0105, 2020 WL 5984072, at *3 (W.D. Wash. Oct. 8, 2020) (quoting *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810, 812–14 (1st Cir. 1990)); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991))); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1985) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption."). Although the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Finally, when a defendant rebuts the presumption, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

**C.      Detention Standard**

The Bail Reform Act ("the Act") requires that a court release a criminal defendant on personal recognizance or on an unsecured appearance bond before trial unless there is a determination that such release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). This default requirement is in accord with the principle that "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Ninth Circuit cautions that "[o]nly in rare cases should release be denied . . . ." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)). Further, "doubts regarding the

propriety of release are to be resolved in favor of the defendant." *Id.* If a court determines that release will not reasonably assure the defendant's appearance and the safety of the community, the court must impose "the least restrictive further condition, or combination of conditions," that will reasonably assure these goals. 18 U.S.C. § 3142(c)(1)(B). The Act only requires detention where a court finds that *no* such condition or combination or conditions can accomplish these ends. 18 U.S.C. § 3142(e)(1).

If the government moves for detention pursuant to 18 U.S.C. § 3142(f) and a defendant is eligible for a detention hearing, then the court must determine whether there are conditions of release that reasonably assure two goals: "the appearance of [the defendant] as required *and* the safety of any other person and the community." 18 U.S.C. § 3142(e)(1) (emphasis added). Both conditions must be met for release to be granted. *Id.*; *see also* 18 U.S.C. § 3142(b) (a judicial officer shall order pretrial release unless such release "will not reasonably assure the appearance of the person as required *or* will endanger the safety of any other person or the community" (emphasis added)). In making this determination, a court considers the following factors: (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

To obtain pretrial detention, the government bears the burden of showing "by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance

of the evidence, that the defendant is a flight risk." *Kuyateh*, 2025 WL 241112, at *1 (quoting *Valenzuela*, 2012 WL 137708, at *1 (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991))).

### III.  DISCUSSION

To make its determination, the Court first evaluates the presumption of detention contained in 18 U.S.C. § 3142(e)(3)(A) and then considers the factors enumerated in 18 U.S.C. § 3142(g).

**A.     Rebuttal of the Presumption of Detention**

Among the offenses with which Mr. Garduno Garcia has been indicted is an offense for which a maximum term of imprisonment of 10 years or more is prescribed by the Controlled Substances Act. Dkt. No. 1 at 2 (citing 21 U.S.C. § 841(b)(1)(C)). Therefore, the presumption of detention is triggered here.

Mr. Garduno Garcia's entire motion rests on three facts: (1) the support he has received in four letters of reference; (2) that his family resides in the United States in Atlanta, Georgia, and (3) that he has minimal criminal history and no prior narcotics violation. Dkt. No. 82 at 3–4.

**1.     Risk of Flight**

In rebutting the presumption of detention, Mr. Garduno Garcia asserts that he is not a risk of flight because his family resides in the United States, and he also points to four letters of reference from customers. Dkt. No. 82 at 3–4. However, as the Government notes, the references essentially highlight that Mr. Garduno Garcia has only lived in this District for a few years and that his ties to the community are limited to his handyman activities through a business that is not licensed. Dkt. No. 87 at 7. And even while expressing support, the letters of reference raise concerns by contradicting Mr. Garduno Garcia's statement to pretrial services. According to Mr. Garduno Garcia, he only relocated to Washington in 2023 (Dkt. No. 66 at 2); yet two of the letters of reference state that he has worked for them for approximately four years (Dkt. No. 82-1

at 4, 5). This is inconsistent with the representation made by Mr. Garduno Garcia that he relocated to Washington approximately two years ago. The Government also points out that while Mr. Garduno Garcia reported to Pretrial Services that he had a Washington driver's license, no record of any such license was found. Dkt. No. 87 at 7; *see also* Dkt. No. 66 at 2.

Further, while Mr. Garduno Garcia reported that his parents, two sisters, and an uncle live in Atlanta, Georgia, he stated that if released, he would return to his apartment in Issaquah and not to his family in Georgia. Dkt. No. 66 at 2. The Court must also consider that Mr. Garduno Garcia was born near Mexico City, Mexico, he came to the United States in 2016 but admits that he does not have immigration status in the United States, and his wife of 14 years as well as his two children live in Mexico. *Id.* On its own, the fact that a defendant may be from a different country "does not tip the balance either for or against detention" or point conclusively to a determination that a defendant poses a serious risk of flight. *Motamedi*, 767 F.2d at 1408. Instead, a court considers how long a defendant has lived in the United States along with whether the individual has worked here, owns any property here, and has any relatives who are U.S. residents or citizens. *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).

Here, while Mr. Garduno Garcia has been in the United States for approximately nine years and has family in Georgia, he admits that he does not have immigration status in the United States. Further, he did not assert that he would return to his family in Georgia if released, and his wife of 14 years as well as his two children all reside in Mexico. Mr. Garduno Garcia does not appear to own any property here or elsewhere in the United States, does not have a social security card, and does not appear to have a Washington driver's license. Dkt. No. 66 at 2. The Court is also concerned with the discrepancy between his reporting that he has a Washington driver's license and moved here in 2023 and the facts as reflected in the pretrial services supplemental report and the letters of reference submitted in support of his motion.

The Court bears in mind that a defendant need only produce "some evidence" that there are conditions that would reasonably assure his appearance, and that the burden is not a heavy one. Here, while Mr. Garduno Garcia has produced "some evidence" of his ties to the United States, the evidence is extremely slim, some of the evidence is inconsistent with other evidence, and he includes no discussion in his motion of the conditions that would reasonably assure his appearance. Thus, he has not overcome the presumption that he is a flight risk—that is, that no condition or combination of conditions will reasonably assure the appearance.

2.     **Danger to the Community**

Because the Court finds that detention is appropriate on the basis of risk of flight, the Court need not address the second factor as to whether Mr. Garduno Garcia constitutes a danger to the community for the purposes of the presumption analysis. *See* 18 U.S.C. § 3142(e)(1) (a defendant is to be detained if "no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of any other person and the community" (emphasis added)).

Accordingly, the presumption of detention has not been rebutted.

**B.     The § 3142(g) Factors**

Even if Mr. Garduno Garcia had met his burden of production to rebut the Section 3142(e)(3) presumption, the presumption would remain as "an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086. Therefore, out of an abundance of caution, the Court next turns to the Section 3142(g) factors.

1.     **Nature and Seriousness of the Offense Charged**

As detailed above, Mr. Garduno Garcia is charged with an offense that "involves . . . a controlled substance" and carries a maximum penalty of over 10 years' imprisonment. 18 U.S.C.

3142(g)(1); *see* Dkt. No. 1 at 1–2; 21 U.S.C. § 841(b)(1)(C). The Government alleges that Mr. Garduno Garcia was a redistributor of controlled substances for at least two of his co-defendants. Dkt. No. 87 at 2. When investigators searched his residence, they found thousands of suspected fentanyl-laced pills as well as suspected cocaine, more than $93,000 in United States currency, and two semi-automatic handguns. *Id.* These are extremely serious offenses that weigh against pretrial release. *See, e.g.*, *United States v. Jackson*, No. 5:21-MJ-05392, 2022 WL 18721, at *6 (E.D. Ky. Jan. 3, 2022) (first factor weighed against release where "loaded firearms and ammunition [were] found near [defendant] at the time of his arrest and at his home, where the drugs and trafficking paraphernalia were located"). The Court finds that this factor weighs in favor of detention.

### 2. Weight of the Evidence

Through a wiretap investigation, the Government has evidence of intercepted calls between Mr. Garduno Garcia discussing in detail the distribution of controlled substances. Dkt. No. 87 at 2, 7. As already discussed, when investigators searched Mr. Garduno Garcia's residence, they found a significant amount of suspected controlled substances as well as a very large amount of cash. *Id.* at 7. The weight of the evidence is strong and weighs in favor of detention, although the Court treats this factor as the least important. *Gebro*, 948 F.2d at 1121; *see also Hir*, 517 F.3d at 1090; *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408.

### 3. The History and Characteristics of Mr. Garduno Garcia

As the Court has already explained, Mr. Garduno Garcia's personal history and circumstances indicate that he poses a risk of flight. *See supra* Section III.A.1. Furthermore, while Mr. Garduno Garcia has a very limited and dated criminal history (Dkt. No. 66 at 3), he does—as the Government points out—have a conviction for making a false claim (*id.*; Dkt. No.

87 at 7). And as also previously discussed, the Court has some concerns with some of the representations made by Mr. Garduno Garcia and by his references. *See supra* Section III.A.1. Balancing these considerations against each other, the Court finds Mr. Garduno Garcia's history and characteristics weigh in favor of detention.

### 4.   Danger to Any Person or the Community

The only fact put forth by Mr. Garduno Garcia relating to the factor of danger to the community is that he has a minimal criminal history with no prior narcotics violation. Dkt. No. 82 at 4. The Government's argument that Mr. Garduno Garcia is a danger is based mostly only on the facts of their investigation. Dkt. No. 87 at 8. But the relevant inquiry is whether the Government can prove by clear and convincing evidence that Mr. Garduno Garcia poses a *future* harm of danger to the community. *See Salerno*, 481 U.S. at 751 ("Under the Bail Reform Act, . . . a judicial officer evaluates the likelihood of future dangerousness . . . ."). Here, two guns were found in a search of Mr. Garduno Garcia's residence which, in combination with the alleged drug distribution activity, may pose a danger to the community. However, the Government does not allege that Mr. Garduno Garcia has committed any acts of violence, or that he was heard discussing or threatening violence against any other person during their investigation. *See generally* Dkt. No. 82. Therefore, the Court finds that a consideration of danger to any person or the community weighs slightly in favor of release.

### IV.   CONCLUSION

For the reasons explained above, the Court FINDS that. Mr. Garduno Garcia has failed to overcome the presumption of detention applicable in this case. The Court also FINDS, upon weighing the Section 3142(g) factors, that the Government has met its burden to prove by a preponderance of the evidence that there is no combination of conditions of release that will reasonably assure Mr. Garduno Garcia's appearance. Finally, the Court FINDS that, on balance,

the Section 3142(g) factors weigh in favor of detention. Accordingly, the Court DENIES Mr. Garduno Garcia's motion for revocation of Judge McCandlis's detention order.

Dated this 3rd day of July, 2025.

Tana Lin
United States District Judge